**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN YOUNG,<br><br>                Plaintiff - Appellant,<br><br>  v.<br><br>ARON WOLFE; SHANNON, Sr. Dep.;<br>MICHAEL SMITH, Dep.; CHRISTINA<br>MARTINEZ, Dep.; ALBIZURES, Dep.;<br>MIGUEL MEJIA, Sgt.; ROBERT<br>OCHOA, Dep.; DOYLE R. CAMPBELL;<br>LOS ANGELES COUNTY SHERIFFS<br>DEPARTMENT; COUNTY OF LOS<br>ANGELES; JOHN L. SCOTT; DENNIS<br>A. CONTE; JOHN VANDER HORCK;<br>DENNIS H. BURNS; KENNETH J.<br>BRAZILE; LEE C. MCCOWN; LEE<br>BACA,<br><br>                Defendants - Appellees. | No. 13-56438<br><br>D.C. No. 2:07-cv-03190-RSWL-<br>RZ<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted November 4, 2015
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and GOULD, Circuit Judges and CHRISTENSEN,[**] Chief District Judge.

In 2007, John Young brought a civil case against defendants Wolfe, Smith, Martinez, and Ochoa for malicious prosecution and excessive use of force. The district court granted defendants' motion for summary judgment on Young's malicious prosecution claim. A jury later heard Young's excessive force claim, but found for the defendants. Young appeals the district court's summary judgment order. He also claims that the court improperly instructed the jury regarding his excessive force claim. We have jurisdiction under 28 U.S.C. § 1291, and review *de novo* the district court's grant of summary judgment and its jury instruction. We reverse and remand on both grounds.

The district court erred in granting summary judgment on Young's malicious prosecution claim. It erred in finding that, because Young was already in custody for case LA045506, he was not deprived of a liberty interest when he was held pending his prosecution in case BA268358. Young was still in custody when, on September 14, 2005, the Los Angeles County Superior Court determined that his "custody credits exceed[ed] the state prison sentence imposed" for his burglary conviction in case LA045506. This evidence is sufficient to demonstrate that

---

[**] The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

Young served more days than he would have had he not been prosecuted for his May 15, 2005, altercation with defendants in case BA268358. We therefore reverse the district court's summary judgment order and remand to that court to address, in the first instance, the remaining questions necessary to evaluate Young's malicious prosecution claim.

We also remand this case to the district court for a new trial on Young's excessive force claim. The district court's jury instruction required Young to prove that the defendants acted maliciously and sadistically for the purpose of causing harm. As the Supreme Court later clarified in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), however, the appropriate standard for evaluating the use of excessive force against a post-arraignment, pre-trial prisoner like Young is objective unreasonableness. Given the nature of the evidence, appellees cannot show that this error was more likely than not harmless.

**REVERSED** and **REMANDED.**